UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ANDERS NELSON,

                               Plaintiff,

             -against-

THE CITY OF NEW YORK, POLICE COMMISSIONER
RAYMOND KELLY, INSPECTOR THOMAS GALATI,
CAPTAIN RONALD HAAS, POLICE OFFICER
RAINER BOECKMANN, JOHN DOE,

                               Defendants.

Docket No.

**COMPLAINT AND
JURY DEMAND**

ECF CASE

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1.     This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 USC §1983, and the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2.     The claim arises from a January 12, 2005 incident in which officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected Anders Nelson ("plaintiff") to, <u>inter alia</u>, false imprisonment, assault and battery.

3.     Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4.     This action is brought pursuant to 28 USC §1331, 42 USC §1983, and the Fourth

and Fourteenth amendments to the United States Constitution.

5.  The amount in controversy exceeds $75,000.00 excluding interest and costs.

6.  Venue is laid within the United States District Court for the Southern District of New York in that Plaintiff and Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

7.  Plaintiff is a citizen of the United States and at all times here relevant resided in the County of Kings, City and State of New York.

8.  The City of New York ("the City") is a municipal corporation organized under the laws of the State of New York.

9.  Police Commissioner Raymond Kelly ("the Commissioner") was at all times here relevant the Commissioner of the New York City Police Department, and, as such, was a policy maker with respect to training, supervision, and discipline of NYPD officers, including the other individual defendants.  The Commissioner is sued in his individual and official capacities.

10. Inspector Thomas Galati ("the Inspector") was at all times here relevant the Commanding Officer of NYPD Gang Divisions and, as such, was a policy maker with respect to training, supervision, and discipline of NYPD officers within the precinct, including the other individual defendants.  Captain Ronald Haas ("the Captain") was at all times here relevant the Commanding Officer of the Brooklyn South Gang Division and, as such, was a policy maker with respect to training, supervision, and discipline of NYPD officers within the precinct, including the other individual defendants.  The Inspector and the Captain are sued in their individual and official capacities.

11. All other individual defendants are members of the NYPD, and are sued in their individual and official capacities.

12. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## NOTICE OF CLAIM

13. Within 90 days of the events giving rise to these claims, plaintiff filed written Notice of Claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the filing of that notice, and this matter has not been settled or otherwise disposed of.

## FACTUAL ALLEGATIONS

14. On January 12, 2005, plaintiff was walking on 47th Street between Fourth and Fifth Avenues in Brooklyn, NY. At approximately 9:40 P.M., Police Officer Ranier Boeckmann ("Officer Boeckmann") and John Doe stopped and questioned plaintiff without any lawful reason or reasonable suspicion that a crime had been committed. Officer Boeckmann and John Doe then frisked and searched plaintiff without any lawful reason or reasonable suspicion that a crime had been committed.

15. At all times during the events described above, the officers acted pursuant to an agreement to detain and search plaintiff, assisted each other in performing the various actions described, and lent their physical presence, support and the authority of their office to each other during said events. Prior to detaining plaintiff, the officers entered into an agreement to detain and illegally search his person under fabricated and false pretenses.

16. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

17.     As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

    a.     Violation of his rights pursuant to the Fourth Amendment to the United States Constitution to be free from an unreasonable search and seizure of his person;

    b.     Violation of his New York State constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

    c.     Violation of his right to Due Process of Law under the Fourteenth Amendment to the United Stated Constitution;

    d.     Violation of his New York State Constitutional right under Article 1, Section 6 to Due Process of Law;

    c.     Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration and anxiety;

    d.     Loss of liberty;

## FIRST CAUSE OF ACTION
(42 USC § 1983)

18.     All preceding paragraphs are here incorporated by reference.

19.     Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and have conspired to deprive him of such rights and are liable to plaintiff under 42 USC § 1983.

20.     Defendants' conduct deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution. Defendants' conduct also deprived plaintiff of his right to due process of law, pursuant to the Fourteenth Amendment of the United States Constitution.

21. Plaintiff has been damaged as a result of defendants' wrongful acts in the amount of Fifty Thousand ($50,000.00) dollars.

## SECOND CAUSE OF ACTION
(ASSAULT)

22. All preceding paragraphs are here incorporated by reference.

23. Upon approaching plaintiff, defendants made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

24. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under 42 USC §1983 and the New York State Constitution.

25. Plaintiff was damaged by defendants' assault in the amount of Fifty Thousand ($50,000.00) Dollars.

## THIRD CAUSE OF ACTION
(BATTERY)

26. All preceding paragraphs are here incorporated by reference.

27. Defendants engaged in and subjected plaintiff to immediate harmful and/or offensive touching and battered him.

28. Defendants used excessive and unnecessary force with plaintiff.

29. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under 42 USC §1983 and the New York State Constitution.

30. Plaintiff was damaged by the battery of the defendants in the amount of Fifty Thousand ($50,000.00) Dollars.

## FOURTH CAUSE OF ACTION
(FALSE IMPRISONMENT)

31. All preceding paragraphs are here incorporated by reference.

32. Defendants confined plaintiff.

33. Plaintiff was conscious of the confinement and did not consent to the confinement.

34. The confinement was not otherwise privileged.

35. As a result of the false detention, plaintiff was damaged in the sum of Fifty Thousand ($50,000.00) Dollars.

## FIFTH CAUSE OF ACTION
(MUNICIPAL AND SUPERVISORY LIABILITY)

36. All preceding paragraphs are here incorporated by reference.

37. The City, the Commissioner, the Captain and the Inspector are liable for the damages suffered by plaintiff as a result of the conduct of the other defendants listed in the complaint.

38. The City, the Commissioner, the Captain and the Inspector knew or should have known of their employees', agents, or servants' propensity to engage in the illegal and wrongful acts detailed above.

39. The aforesaid event was not an isolated incident.  The City, the Commissioner, the Captain and the Inspector have been aware for some time (from lawsuits, notices of claim and complaints filed with the Civilian Complaint Review Board) that many of their police officers are insufficiently trained on the proper basis for an arrest, and the observations required to support probable cause.  In addition, the City, Commissioner, the Captain and the Inspector have been aware for some time (from lawsuits, notices of claim and complaints filed with the

6

Civilian Complaint Review Board) that many of their police officers are insufficiently trained on the lawful use of force and deadly weapons. The City, Commissioner, the Captain and the Inspector are further aware, from the same sources, that a "wall of silence" exists by which police officers detain and assault citizens and deprive them of their property without fear of reprisal. The City, Commissioner, the Captain and the Inspector fail to discipline officers for not reporting fellow officers' misconduct that they have observed, and they fail to discipline officers for making false statements to disciplinary agencies. Additionally, the City, Commissioner, the Captain and the Inspector have isolated their law department from the discipline of police officers, so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions. The City, Commissioner, the Captain and the Inspector are aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City, Commissioner, the Captain and the Inspector have failed to take corrective action. This failure and these policies caused the officers in the present case to violate the plaintiff's civil rights, without fear of reprisal.

40. The City, the Commissioner, the Captain and the Inspector knew or should have known that the officers who caused plaintiff's injury had a propensity for the type of conduct that took place in this case. Nevertheless, the City, the Commissioner, the Captain and the Inspector failed to take corrective action.

41. The City, the Commissioner, the Captain and the Inspector have failed to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

42. The above described policies and customs demonstrated a deliberate indifference

on the part of policymakers the City, the Commissioner, the Captain and the Inspector to the constitutional rights of persons within New York City, and were the cause of the violations of plaintiff's rights here alleged.

43. Defendants The City, the Commissioner, the Captain and the Inspector have damaged plaintiff by their failure to properly train, supervise, discipline, review, remove, or correct the illegal and improper acts of their employees, agents or servants in this and in similar cases involving police misconduct.

44. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the City, the Commissioner, the Captain and the Inspector in the amount of Fifty Thousand ($50,000.00) dollars.

### SIXTH CAUSE OF ACTION
(CONSTITUTIONAL TORT)

45. All preceding paragraphs are here incorporated by reference.

46. Defendants, acting under color of law, violated plaintiff's rights pursuant to §§6 and 12 of the New York State Constitution.

47. A damages remedy here is necessary to effectuate the purposes of §§6 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiff in the amount of Fifty Thousand ($50,000.00) dollars for each of plaintiff's Causes of Action;

B. Awarding plaintiff punitive damages in the amount of Fifty Thousand

($50,000.00) dollars for each of plaintiff's Causes of Action;

  C. Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

  D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

  Plaintiff demands a trial by jury.

DATED:  Brooklyn, New York
      December 23, 2005

TO:

New York City Law Department
100 Church Street, 4th floor
New York, NY  10007

Police Commissioner Raymond W. Kelly
1 Police Plaza, Room 1406
New York, NY 10006

Inspector Thomas Galati
Gang Division
140 58th Street, Suite 6B
Brooklyn, NY 11220

Captain Ronald Haas
Brooklyn South Gang Division
2 Marine Terminal
Brooklyn, NY

Officer Rainer Boeckmann
Brooklyn South Gang Division
2 Marine Terminal

FROM:

Yours, etc.,

STOLL & GLICKMAN, LLP

by ANDREW STOLL (AS8808)
Attorney for Plaintiff
71 Nevins Street
Brooklyn, NY  11217
(718) 852-3710
astoll@nyc.rr.com

Brooklyn, NY

10